Filed 12/23/22  P. v. Stewart CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

|  |  |
|---|---|
| THE PEOPLE, | C096277 |
| Plaintiff and Respondent, | (Super. Ct. No. 62-165602) |
| v. |  |
| NATHAN DAVID STEWART, |  |
| Defendant and Appellant. |  |

After a jury found defendant Nathan David Stewart guilty of battery and inflicting corporal punishment on a spouse, he waived his right to a jury trial on the circumstances in aggravation for the purposes of sentencing.  The trial court found most of those circumstances true and sentenced him to upper terms on both the underlying charge and an enhancement.  Despite the extensive colloquy discussing this waiver, the advice of his counsel, and counsel's joinder in his waiver of the right to a jury trial on the circumstances in aggravation, defendant contends his waiver was invalid because the trial court failed to advise him of the maximum term he could face.  We shall affirm.

1

# I. BACKGROUND

The second amended information charged defendant with corporal injury of a spouse, battery, and child abuse. (Pen. Code, §§ 273.5, subd. (a), 243, subd. (e) (1), 273a, subd.(b).)[1] The information further alleged defendant personally inflicted great bodily injury on the victim. (§ 12022.7, subd. (e).) The information also alleged defendant suffered prior serious felony convictions and multiple circumstances in aggravation "may justify the upper term of imprisonment." (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d), 1170, subd. (b)(2).) The information specifically pleaded the circumstances in aggravation as:

"1. The crime involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness [Great Bodily Injury];

"3. The victim was particularly vulnerable [Vulnerable Victim];

"6. The defendant threatened witnesses, unlawfully prevented or dissuaded witnesses from testifying; suborned perjury, or in any other way illegally interfered with the judicial process [Witness Tampering];

"10. The defendant took advantage of a position of trust or confidence to commit the offense [Abuse of Trust];

"11. The defendant has engaged in violent conduct that indicates a serious danger to society;

"12. The defendant's prior convictions as an adult or sustained petitions in juvenile delinquency proceedings are numerous or of increasing seriousness;

"14. The defendant was on probation, mandatory supervision, postrelease community supervision, or parole when the crime was committed;

---

[1] Undesignated statutory references are to the Penal Code.

"15. The defendant's prior performance on probation, mandatory supervision, postrelease community supervision, or parole was unsatisfactory."

The details of defendant's crimes are not especially relevant as the only question presented is whether defendant knowingly, intentionally, and voluntarily waived his right to a jury trial on the circumstances in aggravation that affected his sentence. Thus, we will recount the details briefly:

Twice, between November 2018 and January 2019, defendant battered and hurt his wife.

In the first incident on, November 6, 2018, defendant (who is six feet two inches tall and weighs 210 pounds) and the victim (who is five feet nine inches tall and weighs 128 pounds) got into an argument. Defendant grabbed the victim's phone and her hand, and dragged the victim off the bed and down the hallway. When they reached the kitchen, he picked her up and threw her body to the floor so hard her "femur fractured through [her] hip, fracturing [her] pelvis."

In defendant's version of events, he claimed he and the victim engaged in a tug of war over her phone when he yanked it away. Next, "[s]he lost her grip on them and proceeded to hit the ground in the linoleum area."

In the second incident, on January 20, 2019, defendant came into the bedroom and told the victim he was upset about events that occurred that evening. He grabbed the victim's phone over her objections, and the victim's daughter came to her aid. As he left the house, defendant screamed obscenities at the victim's daughter. He then realized he forgot his keys and tried to come back into the house. The victim blocked his reentry, and the defendant grabbed the victim's arms leaving bruises that were visible for several weeks thereafter.

Defendant claimed he did not charge at the victim, aggressively touch her, or grab her wrists. He instead bumped into her when he was reaching for his keys.

The jury found defendant guilty of infliction of corporal injury and battery but found him not guilty of child abuse as it related to yelling at the victim's daughter. It also found the great bodily injury allegation true.

Upon the jury's rendition of the verdicts, the trial court inquired whether defendant wished to waive his right to a jury trial on the bifurcated prior conviction enhancements. After a brief recess, counsel stated he discussed the matter at length with defendant, who was willing to waive a jury trial on the allegation he has suffered a prior strike conviction. Defense counsel conceded this admission would mean at least one circumstance in aggravation was true.

Turning to the People's statement of circumstances in aggravation, the trial court stated it would be able to make the findings regarding defendant's prior convictions represented by allegation Nos. 11, 12, 14, and 15 without a jury, but that a jury was required to make the findings on allegations No. 1 (Great Bodily Injury), No. 3 (Vulnerable Victim), No. 6 (Witness Tampering), and No. 10 (Abuse of Trust). After counsel conferred, the People represented defendant would admit to circumstances in aggravation Nos. 1, 11, 12, 14, and 15. Defense counsel responded, "there won't be an expressed admission. It's the Defense's position that only one of the allegations needs to be proven in order for the — for *Your Honor to be able to impose an upper term.* That is the only question at this stage for this bifurcation. [¶] . . . [¶] The People are still able to argue factors [in] aggravation for sentencing purposes." (Italics added).

After a further colloquy, the trial court reiterated its view defendant was entitled to a jury trial on allegation Nos. 1, 3, 6, and 10. The court specifically recited the recent changes in section 1170 that required any factor it relied upon to assess an upper term sentence must be found true by the jury. Defense counsel stated, "After meeting with my client, we have agreed to waive a jury trial on these allegations of circumstances in aggravation."

The following colloquy occurred:

4

"THE COURT:  So, Mr. Stewart, as to the strike allegation, and the prior serious felony allegation, which are based on the same as the prior conviction, you have a right to have a jury trial.  And the jury is here in the jury deliberation room waiting to be brought out, and they can hear argument, make that decision if you want them to or you can waive your right to a jury trial as to those counts and admit them.

"What was your decision on those two allegations?

"THE DEFENDANT:  I believe–or I would like to waive these, the right to a jury trial.

"THE COURT:  And would you be admitting those also?

"THE DEFENDANT:  Yes, sir.

"THE COURT:  Okay.  So do you waive your right to have a jury trial as to those two allegations?

"THE DEFENDANT:  Yes, Your Honor.

"THE COURT:  Okay.  And when I say a jury trial, that means you have the right to have the same jury that's rendered verdict on the underlying counts, make that decision.

"You have the right to have a unanimous verdict as to those counts.  You have the right to make the People prove them to the jury beyond a reasonable doubt.

"Do you waive those rights?

"THE DEFENDANT:  I do, Your Honor.

"THE COURT:  Okay.  And you also have the right to confront and cross-examine witnesses, the right to testify, the right to subpoena witnesses as to those allegations.

"Do you understand those rights?

"THE DEFENDANT:  I do, Your Honor.

"THE COURT:  And you waive those rights?

"THE DEFENDANT:  I do."

Defense counsel joined in the waiver.  Defendant then admitted he had two prior serious or violent felony convictions.

The trial court continued:  "So as to the following allegations, the People have alleged that pursuant to . . . section 1170 [subdivision] (b)(2) and [California] Rule[s] of Court[,] [rule] 4.421, they've alleged, one–as to Count 1, the crime involved great violence, great bodily harm or threat of great bodily harm, or other acts disclosing any degree of cruelty, viciousness, or callousness.

"Allegation 3 is that the victim was particularly vulnerable.

"Allegation 6 is that the defendant threatened witnesses, unlawfully prevented or dissuaded a witness from testifying, subordinate[d] perjury or in any other way illegally interfered with judicial process.

"And, No. 10, the defendant took advantage of a position of trust or confidence to commit the offense.

"My understanding is that you're not admitting those, but you're waiving your right to a jury trial, and then I would hear–the Court would hear argument from both attorneys and decide whether those have been proved beyond a reasonable doubt or not.

"Is that your understanding?

"THE DEFENDANT:  That's correct, Your Honor.

"THE COURT:  And do you waive your right to have the jury make that decision on those–on those circumstances that I described to you?

"THE DEFENDANT:  I do, Your Honor.

"THE COURT:  Okay.  And you understand when you're waiving your right to a jury trial, that means the same jury that just decided the underlying charges, the right to have them make a decision beyond a reasonable doubt, and the right to have a unanimous verdict as to those circumstances.

"Do you understand that?

"THE DEFENDANT:  I do, Your Honor.

6

"THE COURT: Do you waive that right?

"THE DEFENDANT: I do.

"THE COURT: Counsel join?

"[DEFENSE COUNSEL]: I do, Your Honor.

"THE COURT: The Court finds the defendant has knowingly, intelligently, and voluntarily waived his right to a jury trial as to the allegation regarding circumstance[s] in aggravation, and as to the allegations of a prior strike conviction, and as to his prior strike conviction. I find that the defendant understands the consequences of the waiver."

The parties did not present any further evidence on the circumstances in aggravation.

The trial court found true the following circumstances in aggravation: The crime involved great violence, great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness, the victim was particularly vulnerable, defendant engaged in violent conduct indicating a serious danger to society, defendant was on probation at the time of the offense, and his performance on probation was unsatisfactory.

On the infliction of corporal injury, the trial court sentenced defendant to the upper term of four years in prison doubled to eight years due to his prior conviction. As to the great bodily injury enhancement, the trial court sentenced defendant to an upper consecutive term of five years. The trial court sentenced defendant to a concurrent 90 days in county jail on the battery charge.

Defendant timely appealed.

## II. DISCUSSION

Defendant contends his jury waiver was invalid because his waiver was not knowing, intelligent, and voluntary, because the trial court did not tell him his maximum sentence. We disagree.

A criminal defendant has the constitutional right to a jury trial. (*People v. Sivongxxay* (2017) 3 Cal.5th 151, 166 (*Sivongxxay*); U.S. Const., 6th Amend.; Cal.

7

Const., art. I, § 16.) Effective, January 1, 2022, the legislature extended that jury trial right to the determination of "circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term." (§ 1170, subd. (b)(2); Senate Bill No. 567 (2020-2021 Reg. Sess.) (Stats. 2021, ch. 731, § 1.3).)

The right to a jury trial may be waived, provided the waiver is " 'knowing and intelligent, that is, " ' "made with a full awareness both of the nature of the right being abandoned and the consequences of the decision to abandon it," ' " as well as voluntary " ' "in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception." ' " ' [Citations.] '[W]hether or not there is an intelligent, competent, self-protecting waiver of jury trial by an accused must depend upon the unique circumstances of each case.' " (*Sivongxxay, supra*, 3 Cal.5th at p. 166.) The court went on to state, "Our precedent has not mandated any specific method for determining whether a defendant has made a knowing and intelligent waiver of a jury trial in favor of a bench trial. We instead examine the totality of the circumstances." (*Id.* at p. 167.)

Our Supreme Court provided guidance as to the basic advisements the trial court should give, including: "that (1) a jury is made up of 12 members of the community; (2) a defendant through his or her counsel may participate in jury selection; (3) all 12 jurors must unanimously agree in order to render a verdict; and (4) if a defendant waives the right to a jury trial, a judge alone will decide his or her guilt or innocence." (*Sivongxxay, supra*, 3 Cal.5th at p 169.) But our Supreme Court stated its guidance in *Sivongxxay* was advisory and "not intended to limit trial courts to a narrow or rigid colloquy." (*Id.* at p. 170.) And, our high court has "persistently declined to mandate any specific admonitions describing aspects of the jury trial right." (*People v. Daniels* (2017) 3 Cal.5th 961, 992 (conc. & dis. opn. of Cuéllar, J.); see *Sivongxxay, supra*, at p. 167.) The test of a valid waiver turns not on whether specific warnings or advisements were given, but on whether the record affirmatively shows that the waiver is voluntary and

8

intelligent under the totality of the circumstances. (*Sivongxxay, supra*, at pp. 166-167.) Here, defendant does not "argu[e] his jury trial waiver for the factors in aggravation was defective because it omitted any of the four factors above listed in . . . *Sivongxxay*," instead he focuses on the lack of advisement on the punishment that could be imposed if the circumstances in aggravation were found true. We reject this argument.

Defendant's waiver was knowing, intelligent, and voluntary. At the time defendant waived his jury trial right to the determination of the circumstances in aggravation, he was represented by counsel, was aware of his right to a jury trial, and had discussed waiving that right with counsel twice. The trial court advised him the jury consisted of the 12 people from the community selected with his input and who had just heard his case, all 12 of the jurors would have to unanimously agree beyond a reasonable doubt that he was guilty, the People had to prove those factors beyond a reasonable doubt, and he had the right to confront and cross-examine witnesses and subpoena witnesses. Defendant explicitly acknowledged each of these rights and waived them. Defendant further acknowledged the trial court, as opposed to the jury, would decide the issues for the circumstances he did not admit.

Although the trial court did not explain to defendant how his sentence might increase if the trial court determined there were circumstances in aggravation that outweighed the circumstances in mitigation (§ 1170, subd. (b)(2)), it was not obligated to advise a represented defendant about " 'all the ins and outs' " of a jury trial (*People v. Wrest* (1992) 3 Cal.4th 1088, 1105), or the relative advantages or disadvantages of the types of trials. (*People v. Castaneda* (1975) 52 Cal.App.3d 334, 344.)

Here, the People expressly pleaded the nature of each of the circumstances in aggravation in the information which stated these may justify the imposition of the upper term. Moreover, defendant had two conversations with his trial counsel specifically about his right to a jury trial and whether he should waive it. On top of this, the colloquy with counsel demonstrates defendant conceded both that (1) he had already conceded the

9

truth of two of the circumstances in aggravation, and (2) this concession could justify the imposition of the upper term sentences by itself. After all of this, defendant said he wanted to waive his right to a jury trial.

The record demonstrates defendant was not confused about his right to a jury trial and knowingly, voluntarily, and intelligently waived that right. He had just participated in his own jury trial on the substantive charges, heard the verdict of the jury that would hear the circumstances in aggravation, and watched the trial court handle the proceedings. Counsel did not make any objection about the waiver, but instead joined it.

We reject defendant's invitation to require that a defendant must be advised of the maximum punishment when defendant seeks to waive the right to counsel. (See, e.g., *People v. Jackio* (2015) 236 Cal.App.4th 445, 454-455.) In *Jackio*, we concluded: "[T]he most reasonable solution consistent with case law and the United States Constitution is to require the trial court to advise a defendant desiring to represent himself at trial of the maximum punishment that could be imposed if the defendant is found guilty of the crimes, with enhancements, alleged at the time the defendant moves to represent himself. By so advising, the trial court puts the defendant on notice that, by representing himself, he is risking imposition of that maximum possible punishment. The defendant who decides to represent himself after this advisement proceeds with his ' "eyes open" ' and understands the dangers of self-representation, at least with respect to the possible punishment." (*Ibid.*)

The risk a defendant faces when waiving a jury trial on sentencing factors (after having already participated in a jury trial on substantive charges, represented by counsel) presents a fundamentally different question from the risk a defendant faces when representing themself at trial. There is no principled basis to extend this rule to the current facts. As we have noted *ante*, defendant watched the jury throughout his trial, knew its function, and more importantly, heard how this jury viewed his case on the

10

merits.  We conclude the record reflects defendant knowingly, intelligently, and voluntarily waived this jury trial right.

### III.  DISPOSITION

The judgment is affirmed.

/S/

_____,

RENNER, J.


We concur:


/S/

_____,

HOCH, Acting P. J.


/S/

_____,

EARL, J.

11